UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

1 REPLY FURTHER SUPPORTING PRELIMINARY INJUNCTION MOTION (ECF# 140)
2 Case CIV No. 3:24-CV-00851 Document TBD Filed January 22, 2025 Page 1 of 16 Page ID #: 1

MARK WOZAR,
*Plaintiff*,

v.

CAMPBELL et al.,
*Defendants*.

Civil Action Number: 3:24-CV-00851
Judge Vernon D. Oliver (VDO)
Judge Robert A. Richardson (RAR)

## MOTION TO RECONSIDER AND RE-OPEN CASE

### PRELIMINARY STATEMENT

1. Plaintiff, Mark Wozar, respectfully requests this Honorable Court to reconsider its Order of 17 January, 2025, dismissing Plaintiff's Petition for False Arrest and Defendant a d this Honorable Court for providing no clarification on previous instructions from the 12 Crossroads Plaza, West Hartford Connecticut and in sup-port thereof avers as follows: 1. The court did not rule, or even acknowledge requests to amended Complaint to incorporate newly-discovered evidence. 2. An intervening change in controlling law. 3. The need to correct a clear error of law or to prevent manifest injustice. There was insufficient evidence to support a finding to deny plaintiff's constitutional rights by this Honorable Court: a. The Defendants failed to testify to present any evidence of any crime whatsoever; b. The Defendants failed to testify to any actual threats of bodily harm or physical injury; c. The Defendants did not testify that she was afraid that the Plaintiff would harm anyone; d. The Defendants did not testify to any incidents 2. The Court abused its discretion in discrediting all of the Plaintiff's testimony and still entering an order that limits his movements despite previous law and precedent and refusing provide insight. 3. The Court abused its discretion and erred as a matter of law in failing to credit any of the Plaintiff's testimony and in crediting all of the Defendant's testimony in light of the fact that the

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

**REPLY FURTHER SUPPORTING PRELIMINARY INJUNCTION MOTION (ECF# 140)**

Case CIV No. 3:24-CV-00851 Document TBD Filed January 22, 2025 Page 2 of 16 Page ID #:  2

1. Defendant's testimony was non-existant.

    The Supreme Court has held that government officials generally are shielded from liability for civil damages unless (1) viewed in the light most favorable to the party asserting the injury, the facts as alleged amount to a violation of a constitutional or statutory right

    *Vega v. Lantz*, CASE NO. 3:04CV1215(DFM), 6-7 (D. Conn. Nov. 16, 2012)

2. Mark Wozar wants to walk into USPS office at 12 Crossroads Plaza or the WHPD and wait in line at the counter to mail correspondence or at the public window to receive a form. He wants to conduct his business. He also wants to record what happens when he asks for service and report on how the USPS/WHPD treat people who come to them for help. He asserts a specific and strongly protected First Amendment right: the right to record public servants in the execution of their duties. This right is also protected specifically by federal, state, and municipal law. When Plaintiff last entered the USPS office at 12 Crossroads Plaza or the WHPD to gather this information, he was arrested pursuant to the conspiratorial "trespass" goal despite neither of the agency having a formal written Trespass Policy.

3. Plaintiff is being irreparably harmed because he will be arrested if he exercises his First Amendment right to record his interactions with police who "hate" him or the USPS employees who "don't want him here". He is extremely likely to prevail on the merits. The USPS/WHPD should be enjoined from enforcing the Trespass Policy during the pendency of this litigation.

4. The next three number paragraphs state documented difference this motion will address.

5. ECF # 158 includes information that may include information that, if unchanged, may be contrary to new and established law. ECF #158 includes plaintiff "recording postal employees

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

**REPLY FURTHER SUPPORTING PRELIMINARY INJUNCTION MOTION (ECF# 140)**

Case CIV No. 3:24-CV-00851 Document TBD Filed January 22, 2025 Page 3 of 16 Page ID #: 3

without their consent"(page 2). "Plaintiff cites no law pertaining to *postal officers*" (page 14) "Plaintiff's arrest or that they directed another police officer to take Plaintiff into custody" page 18. "While Plaintiff alleges the legal conclusion that he was recording in a public area, the Court cannot credit that as the Second Circuit has previously held that the interior of a Post Office is a non-public forum. *See Longo v. United States Postal Service*, 983 F.2d 9, 11 (2d Cir.1992)" "And where, as here, a no entry order is based on a party's disruptive behavior, and not because of the content of a plaintiff's expressive activities, that order limiting access to a Post Office is reasonable restriction." (page 34). A"party must show good cause to amend a pleading 'if the motion is filed after the deadline imposed by the district court in its scheduling order' *Werking v. Andrews*, 526 F. App'x 94, 96 (2d Cir. 2013)." (page 32) "**Plaintiff violated Local Rule 7(a)(5)** by supplementing his request to amend, comprising thirty-three pages, with another filing comprising thirty-one pages. (ECF Nos. 83, 149, 154.)₃ Defendants again opposed Plaintiff's request to amend the Complaint. (ECF Nos. 156, 157.)" (page 33)

6. Per ECF#124, which states in part:

> The request to stay discovery pending resolution of the motions to dismiss the First Amended Complaint is granted. Federal Rule of Civil Procedure 26(c) provides, in relevant part, that "[t]he court may, for good cause, issue an order to protect a party or person from... undue burden or expense, including," an order "forbidding... discovery." Fed. R. Civ. P. 26(c)(1)(A). "[A] request for a stay of discovery, pursuant to Rule 26(c) is committed to the sound discretion of the court based on a showing of good cause." Stanley Works Israel Ltd. v. 500 Grp., Inc., No. 3:17-CV-01765 (CSH), 2018 WL 1960112, at *2 (D. Conn. Apr. 26, 2018)

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

**REPLY FURTHER SUPPORTING PRELIMINARY INJUNCTION MOTION (ECF# 140)**

Case CIV No. 3:24-CV-00851 Document TBD Filed January 22, 2025 Page 4 of 16 Page ID #: 4

7. Additionally, per ECF #126, which states, in part "Defense counsel's explanation that his choice to conduct discussions in writing to ensure that there are no misunderstandings is reasonable under these circumstances."

8. Additional case law that is instrumental on this matter will be outlined in the next paragraphs.

9. New case law includes Soukaneh v. Andrzejewski, No. 21-2047 (2d Cir. 2024):

> The appellate court held that Andrzejewski violated Soukaneh's Fourth Amendment rights by detaining him in a manner and for a length of time that constituted a de facto arrest without probable cause.

and

> The evidence would support a finding that Andrzejewski violated Soukaneh's Fourth Amendment 3 rights to be free from unreasonable search and seizure when he detained Soukaneh in the manner, and for the length of time, that he did, and when he conducted the warrantless searches

Soukaneh v. Andrzejewski, No. 21-2047 (2d Cir. 2024)

## ARGUMENT

**Error 1. Errors in ECF #158**

10. Page 33, in part states,

> Plaintiff violated Local Rule 7(a)(5) by supplementing his request to amend, comprising thirty-three pages, with another filing comprising thirty-one pages. (ECF Nos. 83, 149, 154.)3

This court is mistaken; this was a new request, not a supplement. As such the 40-page rule was adhered.

**REPLY FURTHER SUPPORTING PRELIMINARY INJUNCTION MOTION (ECF# 140)**

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

**REPLY FURTHER SUPPORTING PRELIMINARY INJUNCTION MOTION (ECF# 140)**

Case CIV No. 3:24-CV-00851 Document TBD Filed January 22, 2025 Page 5 of 16 Page ID #: 5

**Error 2. Errors in ECF #158**

11. Page 32, in part states,

> Moreover, under Federal Rule of Civil Procedure 16(b)(4), a party must show good cause to amend a pleading ;If the motion is filed' after the deadline imposed by the district court in its scheduling order." *Werking v. Andrews*,

12. As discovery was stayed and no schedule[1], in violation of Federal Rule of Civil Procedure 16(b)"(1) *Scheduling Order.* Except in categories of actions exempted by local rule, the district judge—or a magistrate judge when authorized by local rule—must issue a scheduling order." How can plaintiff he penalized for filing after a non-existent scheduling deadline? Indeed, the plaintiff wrote his concerns about no deadline at ECF # 49.

13. Moreover, per *Gomez*, a pro se litigant motions should be read liberally. As Defendants, will not answer questions, to include why the plaintiff was arrested twice and refuse to provide specifics on what will cause him to get arrested in the future, and pro se legal counsel refuse to help ion this matter; plaintiff has read the material, like *Gomez*, and has stated claims, but this Honorable Court, has not seeming understood them.

14. For example, Defendant want, kept Plaintiff against his will for over an hour and would not allow him leave the post office, when no crime was committed on 19 January, 2024. That was a seizure under the Fourth Amendment. This was omitted from the ECF #158 and must continue

---

[1] ECF # 32 states, in part "The parties have not yet filed their joint Rule 26(f) report and thus, there is not yet a scheduling order with case deadlines." ECF # states, in part "The Court finds the plaintiff's request for the Court to schedule a conference to be premature."

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

**REPLY FURTHER SUPPORTING PRELIMINARY INJUNCTION MOTION (ECF# 140)**

Case CIV No. 3:24-CV-00851 Document TBD Filed January 22, 2025 Page 6 of 16 Page ID #: 6

as this fact was included in the specification of the charge and His Honors seems to have missed it.

15. When plaintiff was the subject of a conspiracy to have his rights removed by the WHPD and USPS that was crime. It was reported but the status of that crime was not provided to this Honorable Court. This was omitted from the ECF #158 and must continue as this fact was included in the specification of the charge and His Honors seems to have missed it.

**Error 3. Errors in ECF #158**

His Honor wrote ECF #158, in part, "While Plaintiff alleges the legal conclusion that he was recording in a public area, the Court cannot credit that as the Second Circuit has previously held that the interior of a Post Office is a non-public forum. *See Longo v. United States Postal Service,* 983 F.2d 9, 11 (2d Cir.1992)". This is contradictory to subsequent information that plaintiff presented to this Honorable Court.

16. "Mandatory Stand-Up Talk:Filming on postal property: August 24, 2024" and HQ-ORO-002-2018, Photography and Videotaping Federal Facilities, clearly state it is allowed. HQ-ORO-002-2018 states, in part, "provides clarification on the public's right to photograph publicly accessible federal facility building entrances, lobbies, foyers, corridors and auditoriums; and directs FPS law enforcement personnel and PSOs to maintain security without adversely impacting the public's rights relating to photography and videotaping "It continues, in part, "this regulation describes when an individual may photograph the interior of federally buildings, i.e., "space occupied by a tenant agency" or "building entrances, lobbies, foyers, corridors, or auditoriums." It further states,

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

**REPLY FURTHER SUPPORTING PRELIMINARY INJUNCTION MOTION (ECF# 140)**

Case CIV No. 3:24-CV-00851 Document TBD Filed January 22, 2025 Page 7 of 16 Page ID #: 7

"[r]ecognizing this fact, the public is allowed to photograph interior building entrances, lobbies, foyers, corridors and auditoriums from publicly accessible areas. For example, someone can photograph in the common space and publicly accessible lobby of a federal facility." No where in this ORO does it require permission. If this order stands, it may have unintended consequence of removing this right in the second circuit.

### I. There is a First Amendment Right to Record Police Operations.

17. Plaintiff does not seek to exercise the First Amendment generally. He wants to exercise the particular "right to record law enforcement officers [and/or postal employees] engaged in the exercise of their official duties in public places." *Askins v. U.S. Dep't of Homeland Sec.*, 899 F.3d 1035, 1044 (9th Cir. 2018) (collecting cases). The Second Circuit has not yet ruled on whether the First Amendment recognizes this particularized right. Because the nature of this right implicates the First Amendment claim, the irreparable harm issue, and arguably the *Younger* claim, Plaintiff begins by respectfully asking that this Court recognize the First Amendment right at issue with particularity.

18. The First Amendment does not just protect reporting. It works to "prohibit government from limiting the stock of information from which members of the public may draw." *Glik v. Cunniffe*, 655 F.3d 78, 82 (1st Cir. 2011) (quoting *First Nat'l Bank of Boston v. Bellofti*, 435 U.S. 765, 783 (1978)). The Amendment therefore "must also protect the act of creating [reporting] material." *Fields v. City of Philadelphia*, 862 F.3d 353, 358 (3d Cir. 2017) (citing *Brown v. Entm't Merchants Ass'n*, 564 U.S. 786, 790 (2011)). This material includes audio and video recordings of the police and public employees doing their jobs. *See Fields*, 862 F.3d at

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

**REPLY FURTHER SUPPORTING PRELIMINARY INJUNCTION MOTION (ECF# 140)**

Case CIV No. 3:24-CV-00851 Document TBD Filed January 22, 2025 Page 8 of 16 Page ID #: 8

358. The "particular right to film the police" is part of the broader "right of citizens to inquire, to hear, to speak, and to use information to reach consensus." *Turner v. Lieutenant Driver*, 848 F.3d 678, 689 (5th Cir. 2017) (citing *Citizens United v. Fed. Election Comm'n*, 558 U.S. 310, 339 (2010)). It serves the "cardinal First Amendment interest in protecting and promoting 'the free discussion of governmental affairs.'" *Am. C.L. Union of Illinois v. Alvarez*, 679 F.3d 583, 601 (7th Cir. 2012) (quoting *Mills v. Alabama*, 384 U.S. 214, 218 (1966)). "The First Amendment protects the right to gather information about what public officials do on public property, and specifically, a right to record matters of public interest." *Smith v. City of Cumming*, 212 F.3d 1332, 1333 (11th Cir. 2000).

19. A restriction on recording police is subject to a forum analysis because "[w]hether a place is 'public' depends on the nature of the location." *Askins v. U.S. Dep't of Homeland Sec.*, 899 F.3d 1035, 1044 (9th Cir. 2018) (conducting a forum analysis). *See also Turner*, 848 F.3d at 690 ("when police departments or officers adopt time, place, and manner restrictions, those restrictions must be 'narrowly tailored to serve a significant governmental interest'") (quoting *McCullen v. Coakley*, 573 U.S. 464 (2014); *see also Iacobucci v. Boulter*, 193 F.3d 14, 18 (1st Cir. 1999) (hallway outside meeting), *Fields*, 862 F.3d at 356 (convention center), *Blackstone v. Alabama*, 30 F.3d. 117, 120 (11th Cir. 1994) (meeting room). A forum analysis will be conducted below.

20. Plaintiff seeks to exercise a particularized right that six circuits have expressly identified—the right to record police in the public performance of their duties.

## II. This Court Should Issue a Preliminary Injunction

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

REPLY FURTHER SUPPORTING PRELIMINARY INJUNCTION MOTION (ECF# 140)

Case CIV No. 3:24-CV-00851 Document TBD Filed January 22, 2025 Page 9 of 16 Page ID #:  9

**A Mandatory Injunction is Needed as Plaintiff is Suffering Irreparable Constitutional Harm**

21. Plaintiff is unable to exercise his First Amendment right to record police activity for the purpose of reporting on it. "The denial of a constitutional right ordinarily warrants a finding of irreparable harm, even when the violation persists for minimal periods of time." *A.H. by & through Hester v. French*, 985 F.3d 165, 184 (2d Cir. 2021) (granting a mandatory injunction that a student at a religious school be granted access to education benefits during pendency of a case). Defendant claims that other cases standing for this principle are not "analogous," but the harm is irreparable because the injury is constitutional, not because it is similar to other constitutional injury. And for the reasons set forth below, Plaintiff has also made a "clear showing that the moving party is entitled to the relief requested," satisfying both prongs of the mandatory injunction test when only one is required. *Cacchillo v. Insmed, Inc.*, 638 F.3d 401, 406 (2d Cir. 2011).

**B Plaintiff Will Succeed on the Merits.**

*Defendant Concedes WHPD Trespass Policy Exists not Challenging / Enjoining USPS Policy*

22. Defendants write "the 'Vague Behavior Policy' is *actually* a policy of the West Hartford Police Department" (ECF # 155, p 3), but is scant on the policies details and USPS involvement; USPS has policies on filming, but USPS does not mention a trespass penalty. WHPD does not have filming; it is clearly established that a person may film police in the course of their duties.

*Plaintiff's Motion for Injunction Seeks a Remedy Outside Operative Complaint's Scope*

23. Defense omits the planning and implementation of the conspiracy to deny rights. 1) WHPD planned to remove the plaintiff from the post office at 12 Crossroads Plaza via "a disturbance" not "a trespass" at the request of USPS employees because of how employees "feel". 2) WHPD

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

**REPLY FURTHER SUPPORTING PRELIMINARY INJUNCTION MOTION (ECF# 140)**

Case CIV No. 3:24-CV-00851 Document TBD Filed January 22, 2025 Page 10 of 16 Page ID #: 10

instructed USPS "to ignore" the plaintiff. 3) USPS then deviated from USPS policies and called WHPD not USPIS and falsely reported that plaintiff was "on the counter!" 4) WHPD then conducted an improper investigation to achieve the desired result – arrest of plaintiff. 5) USPS then affirmatively answers WHPD's solicitation of trespass question by issuing an expletive infused answer to the trespass question. 6) USPS and WHPD have yet to provide audio and/or video footage of the incidents for both criminal and civil litigation despite various attempts.

24. Despite stating "'Vague Behavior Policy' is *actually* a policy of the West Hartford Police", USPS omits it was instrumental in its creation. Defendants omits conspiracy actions of February 9, 2024 that *set forth a standard,* "Members of the public are not allowed to photograph and/or record activity within its facilities" which, *if violated may result in a sanction or penalty,* arrest or trespass order, as may have been done in Newington, per unknown male, and its enforcement action stemming from the trespass statute. Defendants cannot state why that Plaintiff was arrested despite specifically requesting offense specifics/ RAS– because he violated "feelings" the standard set forth by WHPD/USPS Trespass Policy is not covered by federal nor local law.

25. Law must not be weaponized to for this type of vigilante justice; the Second Circuit
> explains that some district courts in the Second Circuit continue to apply
> "the pre*Winter* ('traditional') [preliminary injunction] standard, which does
> not include the third prong addressing public interest[,]" and suggests that
> a showing that the preliminary injunction is in the public interest "may not
> be necessary." (Pl. Mem. 18 n.1 (collecting cases).) Because Second
> Circuit cases are clear that "[a] party seeking a preliminary
> injunction *must show* . . . [']that a preliminary injunction is in the public
> interest[,]'" *RiseandShine Corp.,* 41 F.4th at 119 (emphasis added)
> (quoting *N. Am. Soccer League, LLC v. U.S. Soccer Fed'n, Inc.,* 883 F.3d
> 32, 37 (2d Cir. 2018)); *accord Benihana, Inc. v. Benihana of Tokyo,
> LLC,* 784 F.3d 887, 895 (2d Cir. 2015) ("A party seeking a preliminary
> injunction *must demonstrate*[] . . . that the 'public interest would not be

disserved' by the issuance of an injunction." (emphasis added) (quoting *Salinger v. Colting*, 607 F.3d 68, 80 (2d Cir. 2010))), this Court declines to follow those district courts that do not apply the public interest prong of the preliminary injunction analysis, *see Barton v. Ne. Transp., Inc.,* No. 21-CV-326, 2022 WL 203593, at *11 (S.D.N.Y. Jan. 24, 2022) (explaining that "district courts are 'bound by the decisions of the Supreme Court of the United States and those of the Circuit Court of Appeals in their own circuit, but are not bound by those of a federal court of co-ordinate jurisdiction[]'" (quoting *Cont'l Sec. Co. v. Interborough Rapid Transit Co.,* 165 F. 945, 959-60 (S.D.N.Y. 1908))).

The ...[Plaintiff] argues that the Court should apply a presumption of irreparable harm in this case. (Pl. Mem. 23-24.) "In certain circumstances, generally when the party seeks a statutory injunction, [the Second Circuit has] **dispensed with the requirement of showing irreparable harm, and instead employ[ed] a presumption of irreparable harm based on a statutory violation."** *City of New York v. Golden Feather Smoke Shop, Inc.,* 597 F.3d 115, 120 (2d Cir. 2010) (citing *United States v. Diapulse Corp. of Am.,* 457 F.2d 25, 27 (2d Cir. 1972)); *see also United States v. Narco Freedom, Inc.,* 95 F. Supp. 3d 747, 754-55 (S.D.N.Y. 2015) (applying a presumption of irreparable harm where the statute upon which the sought-after injunction was based "[did] not specifically require proof of irreparable harm"). (emphasis added)

*People v. Rescue*, 705 F. Supp. 3d 104, 119 n.16 (S.D.N.Y. 2023)

This precedent is after *DeBeers Consol. Mines Ltd. v. United States*, 325 U.S. 212, 220 (1945).

26. Rule 53 is a good example of what a rule of this nature looks like once it has been vetted by the rulemaking process. The rule prohibits photographing or broadcasting in federal criminal courts, "[e]xcept as otherwise provided by a statute or these rules." Fed. R. Crim. Proc. 53. And of course, other rules do provide for broadcasting in criminal courts. *See, e.g.*, Rule 10(c) (teleconferencing of arraignments by consent); Rule 41(a) (permitting video testimony in open court). Proper public rulemaking[2] ensures that exceptions like those set forth in Rule 53 exist,

---

[2] Rule 53 was enacted pursuant to a transparent process authorized by the Rules Enabling Act of 1934 (28 U.S.C. § 2071).

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

**REPLY FURTHER SUPPORTING PRELIMINARY INJUNCTION MOTION (ECF# 140)**

Case CIV No. 3:24-CV-00851 Document TBD Filed January 22, 2025 Page 12 of 16 Page ID #: 12

particularly when a rule must be balanced against a constitutional right or a court decision. *Cf. Maryland v. Craig*, 497 U.S. 836 (1990). The Trespass Policy violates the First Amendment in part because it is, as Defendants concede, a blanket prohibition of recording with no exceptions. This is unsurprising given it was enacted by conspiratorial fiat in a backroom without the public participation required by law.

27. If the USPS believes it can allow its employees to circumvent policies and law to protect "feelings". But its arguments regarding the First Amendment not only fail in their own right, as set forth below, but they highlight the fact that the Trespass Policy's flaws stem directly from the fact that it "was promulgated in violation of the New York City Administrative Procedure Act and is thus null and void." *Ousmane v. City of New York*, 22 Misc. 3d 1136(A) (Sup. Ct. 2009).

2. Plaintiff was not Interfering or Breaking the Law

28. Defendant writes that plaintiff "cannot show irreparable harm" before providing a forum analysis. But the Right to Record Acts go beyond the protections of the First Amendment; they protect the right to record except when someone is physically interfering with law enforcement or breaking the law. *See* N.Y. Civ. Rights Law. § 79-P(2); N.Y.C. Admin. Code § 14-189. Defendants do not allege that Plaintiff was interfering with law enforcement nor the postal service, and he plainly was not. The only purported rule he was accused of breaking is the unlawfully promulgated Trespass Policy. If the "other law" exception in the Right to Record Act included any policy of the police limiting recording, the Act would be entirely toothless.

---

*See generally*, United States Courts, "How the Rulemaking Process Works." The federal judiciary engaged in a four-year pilot program to consider lifting the ban in civil proceedings but ultimately decided not to.

**REPLY FURTHER SUPPORTING PRELIMINARY INJUNCTION MOTION (ECF# 140)**

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

REPLY FURTHER SUPPORTING PRELIMINARY INJUNCTION MOTION (ECF# 140)

Case CIV No. 3:24-CV-00851 Document TBD Filed January 22, 2025 Page 13 of 16 Page ID #: 13

### 3. Police Lobbies, like the USPS Lobbies, are Designated Public Forums

29. Defendants by arresting plaintiff claim lobbies are limited public forums noting that the court in *People v. Reape* wrote that a lobby is a place used by those "who seek to give or obtain information about public safety." 22 Misc. 3d 615, 618 (N.Y. Crim. 2008). But *Reape* did not conduct a forum analysis; it only set the standard for legally ejecting someone from a police lobby, allowing ejection only when a person "interfere[s] with the ordinary use of the property of the Police Department and by other members of the public." *Reape* at 619.2 But here, Plaintiff did not interfere with the use of the precinct nor did he interfere with postal operations.

30. As set forth above, recording civil servant activity is a particularized First Amendment right. Defendant claims that Plaintiff wants to make civil servants feel "threatened" but he is not seeking to exercise the First Amendment generally. He is seeking to report on what happens when a civilian walks to the window of the WHPD and asks an officer for a FOIA form or the USPS to conduct business at the counter. Denying someone the right to report on the topic of their choosing and telling them that instead they can go report upon some other topic does not comply with the First Amendment. *See Specht v. City of New York*, 15 F.4th 594 (2d Cir. 2021).

### C. Plaintiff is Being Irreparably Harmed

31. Plaintiff is being denied the right to record police activity and report on a specific aspect of federal employees or local police interaction with the public: how one can expect to be treated when requesting information from or reporting crime to the WHPD. The Third Circuit has held that "[a]ccess to information regarding public police activity is particularly important because it leads to citizen discourse on public issues, 'the highest rung of the hierarchy of First

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

**REPLY FURTHER SUPPORTING PRELIMINARY INJUNCTION MOTION (ECF# 140)**

Case CIV No. 3:24-CV-00851 Document TBD Filed January 22, 2025 Page 14 of 16 Page ID #: 14

Amendment values and is entitled to special protection.'" *Fields*, 862 F.3d at 359 (quoting *Snyder v. Phelps*, 562 U.S. 443, 452 (2011)).

32. Plaintiff cannot continue this reporting because he will be arrested, as he has been already. Defendants suggest that Plaintiff is entitled to journalistic speech via the First Amendment because he can speak about the First Amendment as much as he wanted. But general protections for speech about police/civil servant activity do not protect the "particularly important" right to record. *Fields*, 862 F.3d at 359.

33. A party seeking a preliminary injunction must ordinarily establish

> (b) sufficiently serious questions going to the merits of its claims to make them fair ground for litigation, plus a balance of the hardships tipping decidedly in favor of the moving party'; and
>
> 'The final consideration in the preliminary injunction analysis concerns [both] whether the balance of equities tips in favor of granting the injunction and whether that injunction is in the public interest.' *Green Haven Prison Preparative Meeting of Religious Soc'y of Friends v. N.Y. State Dep't of Corr. & Cmty. Supervision,* 16 F.4th 67, 86 (2d Cir. 2021), *cert. denied sub nom. Green Haven Preparative Meeting v. N.Y. State Dep't of Corr. & Cmty. Supervision,* ___ U.S. ___, 142 S. Ct. 2676, 212 L.Ed.2d 763 (2022).

*People v. Rescue*, 705 F. Supp. 3d 104, 119 n.16 (S.D.N.Y. 2023)

Public interest is not allowing mob rule, as in this instance, especially under color of law.

34. We ask much of our...public officials carrying out public functions, and the First Amendment requires them to bear ...[persons] recording their actions. This is vital to promote the access that fosters free discussion of governmental actions, especially when that discussion benefits not only citizens but the officers themselves.

*Fields v. City of Phila.*, 862 F.3d 353, 362 (3d Cir. 2017)

35. Additionally, if this order stands, as it does not include more recent case law and federal rules, that have been put into the record on precious filings, persons in the second circuit, like the plaintiff will

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

**REPLY FURTHER SUPPORTING PRELIMINARY INJUNCTION MOTION (ECF# 140)**

Case CIV No. 3:24-CV-00851 Document TBD Filed January 22, 2025 Page 15 of 16 Page ID #: 15

have their First Amendment rights curtailed via precedent. HQ-ORO-002-2018 and postal record "Mandatory Stand-Up Talk:Filming on postal property: August 24, 2024" will be moved back decades if this order remains in place.

36. Now, that plaintiff knows the His Honor wants in a claim, plaintiff will address the issues.

### III. Conclusion

37. For the reasons stated above, Plaintiff respectfully requests that this Honorable Court 1) strike ECF# 158's court order, 2) re-open the matter, 3) allow plaintiff leave to amend and 4) require written definition of WHPD/USPS to trespass parameters.

Respectfully submitted,

Mark Wozar
Pro se/proper person
1250 Farmington Ave A17,
West Hartford, CT 06107
T: (312) 692-9335
mwozar@hotmail.com

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

REPLY FURTHER SUPPORTING PRELIMINARY INJUNCTION MOTION (ECF# 140)

Case CIV No. 3:24-CV-00851 Document TBD Filed January 22, 2025 Page 16 of 16 Page ID #: 16

## CERTIFICATION

I hereby certify that on January 22, 2025, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing. Parties may access this filing through the Court's system.

Counsel for Defendants Madore, Darby, Santiago, and Selby
**Eric Benjamin Miller**
U. S. Attorney's Office-CT
157 Church Street
24th Floor
New Haven, CT 06519
203-821-3700
Fax: 203-773-5373
Email: eric.miller@usdoj.gov

Counsel for Defendants Campbell, Swank, West Hartford Police Department, and Town of West Hartford
**James Newhall Tallberg**
Karsten & Tallberg LLC
500 Enterprise Drive, Suite 4B
Rocky Hill, CT 06067
860-233-5600
Fax: 860-233-5800
Email: jtallberg@kt-lawfirm.com

Respectfully submitted,

Mark Wozar
Pro se/proper person
1250 Farmington Ave A17
West Hartford, CT 06107
T: (312) 692-9335
mwozar@hotmail.com