UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT
**MOTION TO CLARIFY**

Case CIV No. 3:24-CV-00851 Document TBD Filed January 30, 2025 Page 1 of 5 Page ID #: 1

MARK WOZAR,
*Plaintiff*,

v.

CAMPBELL et al.,
*Defendants*.

Civil Action Number: 3:24-CV-00851
Judge Vernon D. Oliver (VDO)
Judge Robert A. Richardson (RAR)

JAN 30 2025 PM 12:46
FILED-USDC-CT-NEW HAVEN

**MOTION TO CLARIFY**

**PRELIMINARY STATEMENT**

1. Plaintiff, Mark Wozar, respectfully requests this Honorable Court to reconsider its Order of 17 January, 2025, dismissing Plaintiff's Petition for False Arrest and Defendant a d this Honorable Court for providing no clarification on previous instructions from the 12 Crossroads Plaza, West Hartford Connecticut and in sup-port thereof avers as follows: 1. The court did not rule, or even acknowledge requests to amended Complaint to incorporate newly-discovered evidence. 2. An intervening change in controlling law. 3. The need to correct a clear error of law or to prevent manifest injustice. There was insufficient evidence to support a finding to deny plaintiff's constitutional rights by this Honorable Court: a. The Defendants failed to testify to present any evidence of any crime whatsoever; b. The Defendants failed to testify to any actual threats of bodily harm or physical injury; c. The Defendants did not testify that she was afraid that the Plaintiff would harm anyone; d. The Defendants did not testify to any incidents 2. The Court abused its discretion in discrediting all of the Plaintiff's testimony and still entering an order that limits his movements despite previous law and precedent and refusing provide insight. 3. The Court abused its discretion and erred as a matter of law in failing to credit any of the Plaintiff's testimony and in crediting all of the Defendant's testimony in light of the fact that the

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT
**MOTION TO CLARIFY**

Case CIV No. 3:24-CV-00851 Document TBD Filed January 30, 2025 Page 2 of 5 Page ID #: 2

1. Defendant's testimony was non-existant.

The Supreme Court has held that government officials generally are shielded from liability for civil damages unless (1) viewed in the light most favorable to the party asserting the injury, the facts as alleged amount to a violation of a constitutional or statutory right

*Vega v. Lantz*, CASE NO. 3:04CV1215(DFM), 6-7 (D. Conn. Nov. 16, 2012)

2. Under the Freedom of Information Act (5 U.S.C. 552) and the Department's FOIA Guide and rules at 28 CFR 16.1 et seq. (Subpart A), one may request access to public, nonexempt records maintained by the Executive Office for United States Attorneys (EOUSA) and/or individual United States Attorneys' Offices (USAOs). (per <u>U.S. Attorneys | FOIA Frequently Asked Questions</u> )

3. Per Congress, "In accordance with 5 U.S.C.§ 552(d)[1], the Freedom of Information Act (FOIA) and any statutory exemptions to FOIA shall not be a basis for withholding any information" <u>(Records Responsive to Category 1 requests)</u> and then continues, in part:

> 15. If compliance with the request cannot be made in full by the specified return date, compliance shall be made to the extent possible by that date. An explanation of why full compliance is not possible shall be provided along with any partial production. 15. In the event that a document is withheld on the basis of privilege, provide a privilege log containing the following information concerning any such document: (a) every privilege asserted; (b) the type of document; (c) the general subject matter; (d) the date, author, addressee, and any other recipient(s); (e) the relationship of the author and addressee to each other; and (f) the basis for the privilege(s) asserted.

---

[1d) This section does not authorize the withholding of information or limit the availability of records to the public, except as specifically stated in this section.

**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**
**MOTION TO CLARIFY**

Case CIV No. 3:24-CV-00851 Document TBD Filed January 30, 2025 Page 3 of 5 Page ID #: 3

16. If any document responsive to this request was, but no longer is, in your possession, custody, or control, identify the document (by date, author, subject, and recipients), and explain the circumstances under which the document ceased to be in your possession, custody, or control.

17. If a date or other descriptive detail set forth in this request referring to a document is inaccurate, but the actual date or other descriptive detail is known to you or is otherwise apparent from the context of the request, produce all documents that would be responsive as if the date or other descriptive detail were correct

4. A few precedents include, but are not restricted to:

"Congress appears to have concluded, however, that of these two choices — private or official censorship — Government censorship would be the most pervasive, the most self-serving, the most difficult to restrain and hence the one most to be avoided."

*Columbia Broadcasting v. Democratic Comm*, 412 U.S. 94, 105 (1973)

5. The "openness in government has always been thought crucial to ensuring that the people remain in control of their government." In re Sealed Case, 121 F.3d at 729, 749 (D.C. Cir. 1997). In fact, in passing the freedom of information act laws, "Congress recognized that the public cannot make intelligent decisions without [adequate] information, and that governmental institutions become unresponsive to public needs if knowledge of their activities is denied to the people and their representatives." Soucie v. David, 448 F.2d 1067, 1080 (D.C. Cir. 1971).

*Sklarski v. Niagara Falls Bridge Commission*, 09-CV-633A, 10 (W.D.N.Y. Mar. 26, 2010)

6. Its prudent use seems to me [Justice Stewart] incompatible with unlimited notions of taxpayer and citizen standing. Were we to utilize this power as indiscriminately as is now being urged, we may witness efforts by the representative branches drastically to curb its use. Due to what many have regarded as the unresponsiveness of the Federal Government to recognized needs or serious inequities in our society, recourse to the federal courts has attained an unprecedented popularity in recent decades. Those courts have often acted as a major instrument of social reform. But this has not always been the case, as experiences under the New Deal illustrate. The public reaction to the substantive due process holdings of the federal courts during that period requires no elaboration, and it is not unusual for history to repeat itself.

United States v. Richardson, 418 U.S. 166, 191 (1974)

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT
**MOTION TO CLARIFY**

Case CIV No. 3:24-CV-00851 Document TBD Filed January 30, 2025 Page 4 of 5 Page ID #: 4

## ANALYSIS

7. Mark Wozar has requested via FOIA that USPS provide video evidence (ECF # 150) of the incident and the USPS has refused to provide it. Likewise, plaintiff has requested via FOIA the stratus of the criminal complaints (ECF # 142) but again the USPS refused to provide it.

8. The FOIA requests have been dismissed by this Court.

9. Since "the FOIA provides requesters with the right to challenge an agency's action in federal court. A federal judge will conduct an independent review of the agency's action on your request", (U.S. Attorneys | FOIA Frequently Asked Questions) plaintiff requests this Honorable Court provide plaintiff the results of his review in each of the FOIA requests.

**Requests**

10. This Honorable Court provide results of his review of FOIA requests.

11. This Honorable Court require USPS to provide requested FOIA material.

12. This Honorable Court require USPS and WHPD define in writing what would stimulate a trespass.

Respectfully submitted,

Mark Wozar
Pro se/proper person
1250 Farmington Ave A17,
West Hartford, CT 06107
T: (312) 692-9335
mwozar@hotmail.com

# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT
# MOTION TO CLARIFY

Case CIV No. 3:24-CV-00851 Document TBD Filed January 30, 2025 Page 5 of 5 Page ID #: 5

## CERTIFICATION

I hereby certify that on January 30, 2025, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing. Parties may access this filing through the Court's system.

Counsel for Defendants Madore, Darby, Santiago, and Selby
**Eric Benjamin Miller**
U. S. Attorney's Office-CT
157 Church Street
24th Floor
New Haven, CT 06519
203-821-3700
Fax: 203-773-5373
Email: eric.miller@usdoj.gov

Counsel for Defendants Campbell, Swank, West Hartford Police Department, and Town of West Hartford
**James Newhall Tallberg**
Karsten & Tallberg LLC
500 Enterprise Drive, Suite 4B
Rocky Hill, CT 06067
860-233-5600
Fax: 860-233-5800
Email: jtallberg@kt-lawfirm.com

Respectfully submitted,

*[signature]*

Mark Wozar
Pro se/proper person
1250 Farmington Ave A17
West Hartford, CT 06107
T: (312) 692-9335
mwozar@hotmail.com